IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PETE WILLIAM CORN                                                                      PLAINTIFF

      v.                        Civil No. 1:09-cv-01015

KEN JONES, Union County Sheriff;
CAPT. JOHN WILLIAMS, Union County
Criminal Justice Facility; LT. BASS;
DEPUTY GERRY AVERY; DR. SEAL; and
NURSE KELLY PEPPER                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      Plaintiff, Pete William Corn (hereinafter Corn), filed this action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      On March 15, 2010 (Doc. 30, Doc. 31 & Doc. 32), Separate Defendant James Seale filed a motion for summary judgment.  On April 14, 2010, an order (Doc. 33) was entered directing Corn to complete an attached notice regarding the summary judgment motion.  The notice required Corn to state whether he would file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

      Corn was directed to return the attached notice by May 11, 2010.  Corn was advised (Doc. 33) that if he failed to return the attached notice by May 11, 2010, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

      To date, Corn has not returned the notice.  He has not requested an extension of time to file the notice.  The Court's order was sent to the address contained on the docket sheet.  This address

was provided to the Court by Corn.  The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed based on Corn's failure to obey the order of the court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of May 2010.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE