IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PETE WILLIAM CORN                                                             PLAINTIFF

VS.                                        CASE NO. 09-CV-1015

KEN JONES, Union County Sheriff;
CAPT. JOHN WILLIAMS, Union
County Criminal Justice Facility; LT.
BASS; DEPUTY GERRY AVERY; DR.
SEAL; and NURSE KELLY PEPPER                                                  DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on August 26, 2010 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 40). In his report, Judge Bryant found, *inter alia,* that there were genuine issues of fact whether Defendant Dr. James Seale was deliberately indifferent to Plaintiff Pete Corn's medical needs. Judge Bryant recommended that Dr. Seale's pending Motion for Summary Judgment be denied. Dr. Seale has filed objections to the magistrate's finding and recommendation.

In order to state a claim for deliberate indifference to one's serious medical needs, a Plaintiff must demonstrate that he suffered from an objectively serious medical need and that the prison official actually knew of that medical need but deliberately disregarded it. *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). "For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii v Correctional Medical*

*Services,* 512 F.3d 488, 498 (8th Cir. 2008).

In this case, Plaintiff alleges that he suffered from schizoaffective bipolar disorder and Dr. Seale did nothing to treat this condition. However, the evidence indicates that upon obtaining this information, Dr. Seale requested Plaintiff's medical records from his prior mental health provider. After receiving these records, Dr. Seale determined that although Plaintiff had been on psychiatric medication in the past he was doing well without the medication. As a result of this determination, Dr. Seale did not place Plaintiff back on psychiatric medication. Although, Plaintiff may not agree with Dr. Seale's treatment decision, his conduct does not rise to the level of deliberate indifference.

Plaintiff also claims that he informed Dr. Seale that he had Rheumatoid Arthritis and back problems and he did nothing to treat the conditions. However, the evidence shows that Dr. Seale prescribed Plaintiff both Chlorzoxazone and Prednosone for these conditions. Again, Plaintiff may not agree with Dr. Seale's treatment decisions, but his conduct does not rise to the level of deliberate indifference.

In reviewing this matter *de novo,* the Court finds that Dr. Seale's conduct in treating Plaintiff Pete Corn does not rise to the level of deliberate indifference. Therefore, the Court rejects the magistrate's finding and recommendation as to Dr. Seale. Accordingly, Defendant Dr. James Seale's Motion for Summary Judgment (Doc. No. 30) should be and hereby is **granted**. Plaintiff's claims against Dr. Seale are hereby dismissed.

IT IS SO ORDERED, this 30th day of September, 2010.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge